### A. LOTT, JR., v. THE STATE.

1. AMENDMENT.—It was not error to allow the amendment of an obvious error, committed by the clerk of the court below, in noting the year of the term at which the information was presented.
2. MALICIOUS MISCHIEF — EVIDENCE.—In a trial for the wilful and wanton wounding of a hog, it was error to exclude evidence offered by the defence to prove that the hog was in the habit of depredating on the defendant's premises, and that the defendant, after wounding it, sent to the owner its money value.

APPEAL from the County Court of Johnson. Tried below before the Hon. W. J. EWING, County Judge.

A fine of $10 was the punishment assessed against the appellant.

No brief for the appellant.

*W. B. Dunham*, for the State.

WHITE, P. J. There was no error in permitting the county attorney to correct a patent clerical error with regard to the year of the term in which the information was presented, the clerk having written January term, 1879,

instead of 1880. The prosecution was for malicious mischief, under art. 680, Penal Code, the offence consisting, as charged, in the wilful and wanton wounding of one certain head of swine. No statement of the facts has been sent up in the record, and we are therefore unable to determine how far the objections to the charge as given, or to the refusal of the instructions requested, would, under the evidence adduced, have been maintainable. Abstractly considered, the charge is correct.

We think, however, that the court erred in refusing to permit the defendant to show by the witness Reeves " that the hog was in the habit, and had for a considerable length of time been in the habit, of trespassing upon defendant's property, in and about his mill and premises, destroying the same and greatly annoying and damaging defendant;" and that as soon as defendant killed the hog he immediately sent the value of it in money to the owner, and paid him for it. This evidence should have gone to the jury, that they might have considered it in determining whether the killing was wilfully and wantonly done, without excuse, and under circumstances evincing a lawless spirit, or whether under the circumstances such facts negatived such promptings, motives, and wantonness. *Branch* v. *The State*, 41 Texas, 622; *Jones* v. *The State*, 3 Texas Ct. App. 228.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*